UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**SHANELL GRAY,**

*Plaintiff,*

v.

**EXPERIAN INFORMATION SOLUTIONS, INC.,**

*Defendant.*

Case Number: 8:23-cv-981

**JURY TRIAL DEMANDED**

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, **Shanell Gray** ("**Ms. Gray**"), by and through her attorneys, Seraph Legal, P.A., and complains of the Defendant, **Experian Information Solutions, Inc.** ("**Experian**"), stating as following:

### PRELIMINARY STATEMENT

1. This is an action for damages brought by Ms. Gray against the Defendant for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et. seq.* ("**FCRA**").

### JURISDICTION AND VENUE

2. Subject matter jurisdiction arises under the FCRA, 15 U.S.C. § 1681p, and 28 U.S.C. § 1331.

3. Experian is subject to the provisions of the FCRA and is subject to the jurisdiction of this Court pursuant to Florida Statute § 48.193 and Fed. R. Civ. P. 4(k).

4. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. §1391(b)(2) because the acts complained of were committed and / or caused by the Defendant within Polk County, which is in the Middle District of Florida.

## PARTIES

5. Ms. Gray is a natural person residing in Polk County, Florida.

6. Ms. Gray is a *Consumer* as defined by the FCRA, 15 U.S.C. § 1681a(c).

7. **Experian** is an Ohio corporation, with a primary business address of **475 Anton Boulevard, Costa Mesa, CA 92626**.

8. Experian is registered to conduct business as a foreign corporation in the State of Florida, where its Registered Agent is **CT Corporation System, 1200 South Pine Island Road, Plantation, FL 32301.**

9. Experian is a nationwide Consumer Reporting Agency ("**CRA**") within the meaning of the FCRA, 15 U.S.C. § 1681a(f), in that it, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and uses various means of interstate commerce for the purpose of preparing or furnishing consumer reports, specifically including mail and telephone communications.

## FACTUAL ALLEGATIONS

### Consumer Disclosure Neither Clear nor Accurate

10. On or about April 24, 2023, Ms. Gray obtained her consumer disclosure from Experian ("**Experian's Disclosure**").

11. Pursuant to 15 U.S.C. § 1681g(a), upon receipt of Ms. Gray's request, Experian was required to "clearly and accurately" disclose *all* information in Ms. Gray's file at the time of her request, as well as the *sources of information relied upon*.

### Alternate SSNs

12. Ms. Gray's actual Social Security number ("SSN") is XXX-XX-1842 (redacted).

13. Ms. Gray has had the same SSN her entire life and has not obtained, nor ever used, any alternate SSN.

14. Despite this, Experian's Disclosure to Ms. Gray included two (2) "alternate" SSNs, ending in 1042 and 8142. **SEE PLAINTIFF'S EXHIBIT A.**

15. The presence of false or alternate SSNs suggests to anyone viewing a credit report that Ms. Gray previously applied for credit using multiple SSNs, and thus engaged in fraudulent conduct.

16. Experian did not disclose the source(s) of information on which it relied to determine that Ms. Gray had used SSNs other than her own.

17. While Experian included the full 9-digits of the alternate SSNs to lenders who requested Ms. Gray's credit report, Experian only provided truncated versions to Ms. Gray on her consumer disclosures.

18. Disclosing to a consumer that she has "alternate" SSNs, while redacting all digits except for the last four, makes it virtually impossible for a consumer to investigate how, or why, these "alternate" SSNs are contained in her credit file.

19. Experian's redaction of the alternate SSNs on the disclosure it provided to Ms. Gray indicates that Experian believed the alternate SSNs did not belong to Ms. Gray.

20. Despite its apparent belief that the alternate SSNs were not Ms. Gray's, Experian incorporated the SSNs into reports it sold to third parties.

**Experian's Knowledge of the Issues**

21. Experian has been sued multiple times prior to the generation of Ms. Gray's errant credit disclosure for this same issue.

22. Despite this knowledge and the fact that simple technological adjustments would prevent such mismatches, Experian continues to sell reports to third-parties in which it claims consumers have used multiple SSNs.

23. On its face, Experian's current policies do not reasonably ensure the "maximum possible accuracy" of credit reports produced, despite being required to do so under the FCRA, 15 U.S.C. § 1681e(b).

24. Experian knows that the FCRA requires it to disclose the sources of information relied upon in compiling the consumer's credit report when providing a consumer disclosure.

25. Experian also knows that its disclosures *do not* inform the consumer as to the sources of data on which it relies to determine that a consumer has multiple SSNs.

26. Records from Experian indicate that it has sold at least seventy-six (76) consumer reports regarding Ms. Gray in the last 24 months.

27. On information and belief, Experian falsely stated that Ms. Gray had the "additional" SSNs associated with her name in each of these seventy-six (76) consumers reports.  **SEE PLAINTIFF'S EXHIBIT B.**

**Experian's Duty to Prepare Reports with Maximum Possible Accuracy**

28. The FCRA is clear in its requirement that Experian, as a CRA, is required to prepare accurate reports:

> Accuracy of Report.  Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.  *15 U.S.C. §1681e(b).*

29. Experian was required to follow reasonable procedures to assure maximum possible accuracy of the information concerning Ms. Gray.

30. Including SSNs which do not belong to Ms. Gray and were not utilized by Ms. Gray is an inherently unreasonable procedure for ensuring maximum possible accuracy.

31. Thus, Experian failed to use reasonable procedures when preparing the credit reports sold to each lender.

32. As a result of Experian's failure to prepare reports utilizing procedures to ensure maximum possible accuracy, Ms. Gray has suffered an impaired ability to obtain credit and services as well as economic losses and emotional distress from attempting to fix Experian's errors.

33. Ms. Gray has hired this law firm to represent her in this matter and has assigned the firm her right to fees and costs.

## COUNT I
## EXPERIAN'S VIOLATIONS OF THE FCRA - 15 U.S.C. § 1681e(b)

34. Ms. Gray adopts and incorporates paragraphs 1 - 33 as if fully stated herein.

35. Experian violated **15 U.S.C. § 1681e(b)** when it failed to follow reasonable procedures to assure maximum possible accuracy of consumer reports sold regarding Ms. Gray when Experian sold at least **seventy-six (76) reports** which contained two (2) alternate SSNs which did not belong to Ms. Gray.

36. Experian's conduct was willful and intentional, or, alternately, was done with reckless disregard for its duties under the FCRA to provide reports with maximum possible accuracy, and its policies could reasonably be foreseen to cause harm to Ms. Gray.

37. As a result of its conduct, Experian is liable to Ms. Gray pursuant to the FCRA for the greater of Ms. Gray's actual damages or statutory damages of up to $1,000 for *each occurrence*, per 15 U.S.C. § 1681n.

38. Alternatively, Experian's conduct was the result of negligence and Experian is liable to Ms. Gray for her actual damages per 15 U.S.C. § 1681o.

**WHEREFORE,** Ms. Gray respectfully requests this Honorable Court enter judgment against Experian for:

a. The greater of Ms. Gray's actual damages or statutory damages of **$1,000** per incident (for a total of **$76,000,** based solely upon information known at the time of filing), pursuant to 15 U.S.C. § 1681n(a)(1)(A), or Ms. Gray's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c. Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. §1681n(a)(3); and,

d. Such other relief that this Court deems just and proper.

## COUNT II
## EXPERIAN'S VIOLATIONS OF THE FCRA -15 U.S.C. § 1681g

39. Ms. Gray adopts and incorporates paragraphs 1 - 33 as if fully stated herein.

40. Experian violated **15 U.S.C. § 1681g,** when responding to Ms. Gray's request for her consumer disclosure, by failing to clearly and accurately disclose to Ms. Gray, a Consumer, all of the information in her file at the time of the request.

Specifically, Experian disclosed two (2) false SSNs, and failed to disclose the sources of those false SSNs; thereby preventing Ms. Gray from investigating and rectifying the issue.

41. Experian's conduct was willful and intentional, or, alternately, was done with reckless disregard for its duties under the FCRA to provide clear and accurate disclosures, and its policies could reasonably be foreseen to cause harm to Ms. Gray.

42. As a result of its conduct, Experian is liable to Ms. Gray pursuant to the FCRA for the greater of Ms. Gray's actual damages or statutory damages of up to $1,000 for *each occurrence*, per 15 U.S.C. § 1681n.

43. Alternatively, Experian's conduct was the result of negligence and Experian is liable to Ms. Gray for her actual damages per 15 U.S.C. § 1681o.

**WHEREFORE,** Ms. Gray respectfully requests this Honorable Court enter judgment against Experian for:

   a. The greater of Ms. Gray's actual damages or statutory damages of **$1,000** per incident pursuant to 15 U.S.C. § 1681n(a)(1)(A), or Ms. Gray's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

   b. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

   c. Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. §1681n(a)(3); and,

   d. Such other relief that this Court deems just and proper.

<u>**JURY TRIAL DEMANDED**</u>

Ms. Gray hereby demands a trial by jury on all issues so triable.

Respectfully submitted on **May 4, 2023**, by:

**SERAPH LEGAL, P. A.**

/s/ *Bridget L. Scarangella*
Bridget L. Scarangella, Esq. (Lead)
Florida Bar No.: 1022866
BScarangella@SeraphLegal.com
1614 North 19th Street
Tampa, FL 33605
Tel: 813-567-1230
Fax: 855-500-0705
*Attorneys for Plaintiff*

**EXHIBIT LIST**

A    Ms. Gray's Experian Disclosure, April 24, 2023 – Alternate SSN
B    Ms. Gray's Experian Disclosure, April 24, 2023 – Inquiries